# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JUAN MIGUEL HOLLIS,**

    Plaintiff,

vs.                                          Case No. 3:08cv147-RV/WCS

**J.D. HOLLOWAY, G. BEAVER,**

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

    This action was reassigned to me on October 7, 2008.  Doc. 16.  Plaintiff is advised that the case number has not changed *except* for the final three initials representing the change in assignment of magistrate judges.

    On August 4, 2008, Plaintiff filed a second amended complaint, doc. 12, after being directed to do so by Magistrate Judge Timothy.  Doc. 11.  The complaint has been reviewed as is required by 28 U.S.C. § 1915A and insufficient on its face because Plaintiff does not set forth his factual allegations in a separately numbered paragraph.  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of

circumstances." Fed. R. Civ. P. 10(b). In its present form, the complaint could not be appropriately responded to by the Defendants.

Plaintiff's allegations, nevertheless, fail to state a claim. As Plaintiff was previously informed, *see* doc. 11, the loss of personal property is not a viable constitutional claim. Such a claim is based on the Due Process Clause, but this type of deprivation is not a valid claim.

In Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner brought suit under § 1983 claiming that prison officials negligently deprived him of his property. The Supreme Court held that such a claim could not succeed under § 1983 because even though the prisoner "had been 'deprived' of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's postdeprivation tort remedy provided the process that was due." Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L. Ed. 2d 662 (1986), *explaining* Parratt.

The follow-up case to Parratt was Daniels v. Williams, *supra*. There, the prisoner claimed again that prison officials negligently deprived him of property. The Court reconsidered the Parratt case and, upon reconsideration, concluded that the word "deprive" connotes more than a negligent act. Thus, Parratt was overruled to the extent that it found that a lack of due care could form the basis of a due process claim. Daniels, 474 U.S. at 330-331, 106 S.Ct. at 664. Noting that the underpinnings of the Due Process Clause was to protect citizens from governmental abuse of power, the Court held "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Id.*, at 328,

106 S.Ct. at 663; *see also* County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (explaining reach of Due Process Clause).

Even if the loss of property was not negligent, Plaintiff's claims cannot succeed. The Supreme Court has held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984). The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1). Moreover, Florida has established the "Florida Disposition of Unclaimed Property Act." FLA. STAT. § 717.001, *et seq.* The existence of § 768.28 and the Unclaimed Property Act provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property. Because Parratt, Daniels, and Hudson foreclose relief under § 1983 when a state provides adequate post-deprivation remedies to protect procedural due process rights, Plaintiff's claims concerning the deprivation of his property are not cognizable under § 1983.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2008.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**